UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRESNO COUNTY DISTRICT ATTORNEY'S OFFICE, et al.,<br><br>　　　　Defendants. | **CASE NO. 1:16-cv-00734-DAD-MJS**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**THIRTY-DAY DEADLINE TO AMEND** |

　　　　Plaintiff is an inmate proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.[1] His May 23, 2016 complaint is before the Court for screening. (ECF No. 1.)

**I.　Screening Requirement**

　　　　The Court is required to screen complaints brought by prisoners and pretrial detainees seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious,"

---

[1] Plaintiff's claims are stated on a state tort form complaint, but his statements make clear he is asserting civil rights violations.

that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.    Plaintiff's Allegations

Plaintiff is currently housed in the Fresno County Jail; the Court will proceed on the presumption that he is a pre-trial detainee.[2]  He brings this suit against the Fresno County District Attorney's Office ("FCDA"), Deputy District Attorney Tonya Lee, Lisa Smitt

---

[2] If Plaintiff is not a pre-trial detainee, he should so state in his amended complaint.

Camp, and Doe Defendants 1-3.

Plaintiff's girlfriend lives in Fresno County. Plaintiff visits his girlfriend's home to see his children two or three times every other week or when his children have doctors' appointments. Plaintiff has never himself lived in Fresno County. On or about March 2, 2016, Plaintiff was arrested and detained in the Fresno County Jail for failure to register as a sex offender in Fresno County.

On or about May 9, 2016 and May 12, 2016, Defendant Lee "violated" Plaintiff's "1st, 6th, 8th, and 14th" Amendment rights. Plaintiff states these violations took place on the record before the Honorable Judge Don Penner in Courtroom 34.

Plaintiff states there was no solid evidence in his preliminary trial "at all," and a detective stated that there were "no clothes, no mail, [and] no bill[s] in [Plaintiff's] name." Defendant Lee also changed Plaintiff's arrest charge from a misdemeanor to a felony without the Judge's knowledge.

Plaintiff has suffered stress, depression, high blood pressure, headaches, and dizziness due to his ordeal. He submitted numerous mental health request forms, but was never seen by a mental health counselor. He asks to have these matters resolved as soon as possible so that he can "get back to clearing [his] name." Plaintiff seeks compensatory and punitive damages.

**IV.    Analysis**

    **A.    Municipal Entity Liability**

As an initial matter, to the extent Plaintiff is attempting to state a municipal liability claim, also known as a Monell claim, against the FCDA Office, his complaint fails to set forth adequate facts supporting a claim under that theory. "[S]ection 1983 imposes liability only on 'persons' who, under color of law, deprive others of their constitutional rights, [and] the Supreme Court has construed the term 'persons' to include municipalities such as the County." Castro v. Cty. of Los Angeles, 797 F.3d 654, 670 (9th Cir. 2015) (*reh'g en banc* Castro v. Cty of Los Angeles, No. 12-56829, 2016 WL 4268955 (9th Cir. Aug. 15, 2016)) (citing Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978)).

3

Counties may not be held liable for the actions of their employees under a theory of *respondeat superior*, but they may be held liable for a constitutional violation if an action taken pursuant to a policy, be it a formal or informal policy, caused the underlying violation.  Castro, 797 F.3d at 670 (citing City of St. Louis v. Praprotnik, 485 U.S. 112, 131 (1989) and Monell, 436 U.S. at 691) (quotation marks omitted); see also Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010) (municipal liability claim cannot be maintained unless there is an underlying constitutional violation).

Municipal liability may also be imposed where the local government unit's omission led to the constitutional violation by its employee.  Gibson v. Cty. Of Washoe, Nev., 290 F.3d 1175, 1186 (9th Cir. 2002).  Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation."  Id.  This kind of deliberate indifference is found when the need to remedy the omission is so obvious, and the failure to act so likely to result in the violation of rights, that the municipality reasonably can be said to have been deliberately indifferent when it failed to act.  Id. at 1195.

In this case, Plaintiff has not linked any alleged violation of his rights to a policy or practice attributable to the county, nor has he provided any facts showing that the county knew of, and blatantly ignored, the alleged violations committed by its employees.  Therefore, all claims against the FCDA Office will be dismissed with leave to amend.

**B.    Linkage**

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons, 609 F.3d 1011, 1020-21(9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.

1989).  Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235.  Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Lemire v. Cal. Dept. of Corrections & Rehabilitation, 726 F.3d 1062, 1074-75 (9th Cir. 2013) ("A prison official in a supervisory position may be held liable under § 1983 . . . 'if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation.'") (quoting Lolli v. Cty. of Orange, 351 F.3d 410, 418 (9th Cir. 2003)); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

At present, Plaintiff has made no factual allegations regarding Defendant Lisa Smitt Camp or Does 1-3. These Defendants will be dismissed with leave to amend.

**C.   Doe Defendants**

The use of Doe defendants generally is disfavored in federal court. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)). Plaintiff may, under certain circumstances, be given the opportunity to identify unknown defendants through discovery prior to service. Id. (plaintiff must be afforded an opportunity to identify unknown defendants through discovery unless it is clear that discovery would not uncover their identities). However, in order to proceed to discovery, Plaintiff must first state a cognizable claim.

As stated, Plaintiff has alleged no facts linking Does 1-3 to the violation of his rights. Those Defendants will therefore be dismissed with leave to amend. Should Plaintiff choose to amend, he may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Therefore, Plaintiff must distinguish between Doe defendants by, for

example, referring to them as "John Doe 2," "John Doe 3," and so on, and describe what each did or failed to do to violate Plaintiff's rights. See Ingram v. Brewer, No. 1:07-cv-00176-OWW-DLB, 2009 WL 89189 (E.D. Cal. January 12, 2009) ("In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.").

### D.   Cruel and Unusual Punishment

Plaintiff alleges violations of the Eighth Amendment, which protects prisoners from cruel and unusual punishment in the form of excessive force and inhumane conditions of confinement. However, as Plaintiff appears to be a pre-trial detainee, and not a prisoner, the Court will analyze his claims of cruel and unusual punishment under the Fourteenth Amendment Due Process Clause. Oregon Advocacy Center v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003).

The Ninth Circuit has indicated that claims brought by pretrial detainees for conditions of confinement under the Fourteenth Amendment are appropriately evaluated under the objectively unreasonable standard.[3] Castro v. Cty. of Los Angeles, No. 12-56829, 2016 WL 4268955, at *6 (9th Cir. Aug. 15, 2016) (en banc) (citing Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015)).  Courts apply a more rigid standard in these cases because pretrial detainees, unlike prisoners, must not be punished at all, much less sadistically and maliciously. Kingsley, 135 S. Ct. at 2475 (citing Ingraham v. Wright, 430 U.S. 651, 671-71 (1977)). Under this standard, a plaintiff asserting a claim against an individual officer must show that the conditions under which he was confined placed him at a substantial risk of suffering serious harm, and that a reasonable official in the defendant's position would have recognized that risk and taken reasonable, available measures to abate it. Castro, 2016 WL 4268955 at *7.

Plaintiff alleges that his "time here" has caused him high blood pressure, stress, and depression, and that he submitted forms to request mental health treatment but has

---

[3] This standard has been expressly applied in excessive force cases, Kingsley, 135 S. Ct. at 2473, and failure to protect cases, Castro, 2016 WL 4268955, at *6. It has not been expressly extended to medical care claims.

not received any response. These facts are insufficient to state a claim.  Firstly, Plaintiff has not shown how his stress, blood pressure, and depression posed a "substantial risk of serious harm." Secondly, he has not shown how any Defendants were objectively unreasonable when they failed to address that harm. Indeed, he has not shown how any named Defendants received or even knew of Plaintiff's mental health requests or were in a position to respond to them. Plaintiff's conditions of confinement claims will be dismissed with leave to amend.

### E. State Law Claims

#### i. Generally

Plaintiff asserts a claim for general negligence, which is a state tort.

This Court may exercise jurisdiction over a state law claim pursuant to 28 U.S.C. § 1367(a), which states in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III [of the Constitution]," except as provided in subsections (b) and (c).  "[Once judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." ACI v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Additionally, before the Court can consider the validity of Plaintiff's state claims against any Defendants, Plaintiff must allege compliance with the California Tort Claims Act.  The Act requires would-be tort plaintiffs to present their claims against public entities to the California Victim Compensation and Government Claims Board, no more than six months after the cause of action accrues. CAL. GOVT. CODE § 905.2, 910, 911.2, 945.4, 950-950.2.  Presentation of a written claim, and action on or rejection of the claim, are prerequisites to filing suit. Castaneda v. CDCR, 212 Cal. App. 4th 1051, 1061 (Cal. Ct. App. 2013); Easter v. CDC, 694 F.Supp.2d 1177, 1185-1186 (S.D. Cal. 2010).

Here, Plaintiff has not alleged compliance with the Act. If Plaintiff chooses to pursue state claims, he must first present them to the Victim Compensation and Government Claims Board. Should Plaintiff believe he can state a claim for negligence against a Defendant for causing Plaintiff's stress, depression, and high blood pressure, the standard is below.

### ii.  Negligence

A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d). Under California law, "'[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal. App. 4th 983, 994 (2008)).

In a negligence action the plaintiff must show the defendant's act or omission (breach of duty) was a cause of the plaintiff's injury. Jackson v. Ryder Truck Rental, Inc., 16 Cal. App. 4th 1830, 1846 (1993). The element of causation generally consists of two components. Id. at 1847. The plaintiff must show (1) the defendant's act or omission was a cause in fact of the plaintiff's injury, and (2) the defendant should be held responsible for negligently causing the plaintiff's injury. Id. The second component is a normative or evaluative one that asks whether the defendant should owe the plaintiff a legal duty of reasonable care under the circumstances of the case.

### F.  Ongoing State Criminal Proceedings

The remainder of Plaintiff's claims appear to challenge his confinement and prosecution for a crime Plaintiff maintains he did not commit. Apparently, the state criminal case underlying these claims is ongoing.

To the extent that Plaintiff seeks intervention in ongoing state criminal proceedings, this Court must abstain. Under principles of comity and federalism, a federal

court should not interfere with ongoing state criminal proceedings except under special circumstances. Younger v. Harris, 401 U.S. 37 (1971); Samuels v. Mackell, 401 U.S. 66 (1971). Abstention is proper regardless of whether the applicant seeks declaratory relief, injunctive relief, or damages. See Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986) ("When a state criminal prosecution has begun, the Younger rule directly bars a declaratory judgment action" as well as a section 1983 action for declaratory relief and damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."); Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004) (Younger abstention applies to actions for damages as it does to declaratory and injunctive relief). Younger abstention is required when: (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Super. Ct., 23 F.3d 218, 223 (9th Cir. 1994). Nothing before the Court suggests that abstention is unwarranted here.

To the extent Plaintiff's state criminal proceedings may have concluded, Plaintiff should note that state prisoners cannot challenge the fact or duration of their confinement in a § 1983 action. Their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the Heck bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Id. at 81. "[A] state prisoner's § 1983 action is barred (absent prior invalidation) if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82; Heck v. Humphrey, 512 U.S. 477, 489 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under § 1983 exists).

Based on the foregoing, the Court will dismiss all claims relating to Plaintiff's state court proceedings.

## V. Conclusion

Plaintiff's complaint fails to state a claim for relief against any Defendant. The Court will provide Plaintiff the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The Court advises Plaintiff an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's civil rights complaint (ECF No. 1) is DISMISSED with leave to amend;
2. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his complaint filed May 23, 2016;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file either an amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and
4. If Plaintiff fails to file an amended complaint or a notice of voluntary dismissal, the undersigned will recommend this action be dismissed, with prejudice, for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   September 19, 2016            /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE